IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

OLLIE EUGENE PENDERGRAFT, III                                        PLAINTIFF

v.                              Civil No. 2:26-cv-02032-TLB-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ollie Eugene Pendergraft, III, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382, *et seq.* (ECF No. 2). This matter is presently before the undersigned for report and recommendation.

Plaintiff filed his Complaint on March 9, 2026, seeking reversal of the Commissioner's adverse decision. (ECF No. 2). As permitted by the Supplemental Rules for Social Security, the Commissioner answered the Complaint by filing the Social Security Transcript on May 6, 2026. (ECF No. 9). *See* Fed. R. Civ. P. Supp. R. Soc. Sec. 4(b) (stating that the answer in a proceeding under 42 U.S.C. § 405(g) may be limited to a certified copy of the administrative record). Plaintiff filed his Appeal Brief on June 8, 2026. (ECF No. 11). On July 6, 2026, the Commissioner filed an unopposed motion and supporting brief requesting that Plaintiff's case be remanded pursuant to "sentence four" of 42 U.S.C. § 405(g) to conduct further administrative proceedings. (ECF Nos. 13-14).

"Sentences four and six of § 405(g) outline 'the exclusive methods by which district courts may remand to the [Commissioner][.]'" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (alteration added)). Relevant here, the

fourth sentence of § 405(g) authorizes a court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court has observed that this language permits a remand to be made in conjunction with a substantive ruling as to the correctness of the administrative decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991) (noting the requirement of a substantive ruling is one of the distinguishing features of a sentence-four remand).[1] *See also Pottsmith*, 306 F.3d at 528 (same).

By his unopposed motion, the Commissioner concedes that reversal and remand pursuant to sentence four for further administrative proceedings is necessary. (ECF Nos. 13, 14). Accordingly, the undersigned RECOMMENDS that Defendant's Unopposed Motion for Reversal and Remand be granted, and the case be remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED on this 7th day of July 2026.

/s/  *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1]Under sentence six, which is not implicated here, "the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Travis v. Astrue*, 477 F.3d 1037, 1039-1040 (8th Cir. 2007) (internal quotation and citation omitted).

2